IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: LATEX GLOVE PRODUCTS : <br> LIABILITY LITIGATION : <br> : <br> ANDREA HOGAN : <br> : <br>     Plaintiff, : <br> : <br>     v. : <br> : <br> ALLEGIANCE CORPORATION, et al. : <br> : <br>     Defendants : | This document relates only to <br> Civil Action No: 3:01cv02426 |

**MEMORANDUM OF DEFENDANT MEDLINE INDUSTRIES, INC.
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Introduction**

The Complaint in this action was filed by plaintiff, Andrea Hogan, a former healthcare worker, on December 28, 2001 and was served on the moving defendant, Medline Industries, Inc. ("Medline") on January 28, 2002. On May 23, 2002, the action was transferred by the Judicial Panel on Multidistrict Litigation, 28 U.S.C. § 1407, to the United States District Court for the Eastern District of Pennsylvania, In re: Latex Gloves Products Liability Litigation, MDL No. 1148. On February 4, 2004, this action was remanded back to this Court from the MDL 1148 proceeding.

Plaintiff, a citizen of Connecticut, residing in Fairfield, CT, claims in her Complaint that, during her employment at healthcare facilities in the period 1987 through 1999 (Offices of James Guthrie, MD, Norwalk, CT in 1987-1996, and Stamford Hospital, Stamford, CT, in 1995-1999 [Complaint, ¶ 8]), she acquired a natural rubber latex allergic disease and is suffering the following injuries: hand and body sores, hand dermatitis, hives, swelling, wheezing, runny eyes

and nose, shortness of breath, faintness, asthma-like symptoms and anaphylactic reactions (Complaint, ¶ 10).

The Complaint claims that Medline is liable and legally responsible for these alleged injuries under Connecticut's Product Liability Act, General Statutes § 52-572m, et seq., in negligence, strict liability in tort, failure to warn, breach of warranty, misrepresentation/non-disclosure, and fraudulent concealment (Complaint, ¶ 11). She claims she has been diagnosed as suffering from Type I latex allergy, and is at risk of anaphylactic reactions (Complaint, ¶¶ 12-14).

On March 3, 2004, with Court permission, Stamford Hospital filed a Complaint as intervening plaintiff, incorporating plaintiff's Complaint. The relief sought by Stamford Hospital's Complaint (page 2) is that "any damages recovered in this action shall be so paid and apportioned that [Stamford Hospital] will be reimbursed and paid therefrom all amounts that [Stamford Hospital] may become obligated to pay to or on behalf of the Plaintiff . . . pursuant to the Connecticut Workers' Compensation Act."

Medline's Answer to the Complaint (filed in the Eastern District of Pennsylvania on June 24, 2002), and its Answer to the Intervenor's Complaint, raised the Statute of Limitations as a separate defense ("Twenty Second Affirmative Defense"). After extensive discovery of the plaintiff, and of the plaintiff's healthcare providers in 1998 and prior, Medline now moves for summary judgment under Fed. R. Civ. P. 56 on the grounds of statute of limitations.

**The Applicable Statute Of Limitations**

This action is based solely on diversity of citizenship subject matter jurisdiction, and, accordingly, the statute of limitations applicable to a Connecticut plaintiff, for injuries allegedly suffered in Connecticut, is the Connecticut statute of limitations.  See Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

The Complaint is brought solely under the Connecticut Product Liability Statute, Conn. Gen. Stat. § 52-572m, et seq. (Complaint, ¶ 11), to which a three-year statute of limitations applies to all the theories of recovery alleged in the Complaint.  Bell South Telecommunications, Inc. v. W. R. Grace, 77 F.3d 603, 609 (2d Cir. 1996).

Connecticut mandates a three-year statute of limitations for claims brought under its product liability statute:

> No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered.

Conn. Gen. Stat. § 52-577a(a).

This limitation period begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof.  Gnazzo v. G.D. Searle & Co., 973 F.2d 136 (2d Cir. 1992).  When the limitations period begins to run, however, it is not extended by the continuing or aggravating use of an offending product.  Dennis v. ICL, Inc., 957 F. Supp. 376 (D. Conn. 1997); Durrett v. Leading Edge Products, Inc., 965 F.Supp. 280 (D. Conn. 1997); Einhorn v. American Telephone and Telegraph, 1996 WL 684399 (D. Conn. 1996).

As the Complaint was served on Medline on January 28, 2002 (Docket Entry 4), that date of service determines the timeliness of the commencement of the action, under Connecticut's "actual service" rule, for limitations purposes.  Converse v. General Motors Corp., 893 F.2d 513,

3

516 (2d Cir 1990); Choquette v. Sanfilippo, 2001 WL 1266305 (D. Conn. 2001); Durrett v. Leading Edge Products, supra, 965 F. Supp. at 286-287.

**Standards For Summary Judgment On Statute Of Limitations**

Summary judgment is available under the Connecticut product liability statute of limitations where no genuine issue of material fact appears as to when the limitations period began. Bell South Telecommunications, supra.

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L.Ed. 2d 202 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 248), 106 S.Ct. at 2510 cert. denied, 506 U.S. 965 113 S.Ct. 440, 121 L.ed. 2d 359 (1992).

"The nonmovant must do more than present evidence that is merely colorable, conclusory, or speculative and must present 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" Alteri v. General Motors Corp., 919 F.Supp. 92, 94-95 (N.D.N.Y. 1996) (quoting Anderson, 477 U.S. at 256). A party may not create its own "genuine" issue of fact simply by presenting contradictory or unsupported statements. See Securities Exch. Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). When

a motion for summary judgment is supported by documentary evidence and sworn testimony or affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481 at *6 (D. Conn. Aug. 28, 1991).

In ruling on a motion for summary judgment, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

These principles under Fed. R. Civ. P. 56 apply equally whether summary judgment is sought on the merits of a claim, or on an affirmative defense such as statute of limitations. Buttry v. General Signal Corporation, 68 F.3d 1488, 1492 (2d Cir. 1995); Choquette v. Sanfilippo, supra. In deciding whether these standards have been met, the Court may consider the parties' evidentiary submissions, Local Rule 56.1 statements and the memoranda of the parties. Durrett v. Leading Edge Products, Inc., supra.

**The Facts Of This Action**

As the attached Local Rule 56.1 statement demonstrates, with specific references to plaintiff's admissions at her deposition, to her identified and authenticated healthcare records, and to the deposition testimony of her numerous healthcare providers prior to December 28, 1998, the statute of limitations had expired well before the action was commenced.

- Plaintiff, a registered nurse with training in allergic diseases, had actual knowledge of her severe natural rubber latex allergic disease prior to December 28, 1998.

5

- Plaintiff received a clear cut diagnosis of that disease by her treating healthcare providers employed by Stamford Hospital prior to December 28, 1998.

- Plaintiff received the results of her blood serum testing for that allergic disease, indicating a high positive result, prior to December 28, 1998.

- Plaintiff was informed by her treating healthcare providers, prior to December 28, 1998, that her natural rubber latex allergic disease threatened her life by possible anaphylaxis and could exacerbate further by continued exposure to natural rubber latex products.

- Plaintiff reported her latex allergic disease and the symptoms claimed in the Complaint, including anaphylaxis, to multiple treating healthcare providers prior to December 28, 1998.

- Plaintiff knew, prior to December 28, 1998, that her natural rubber latex allergic disease was caused by her use of and exposure to natural rubber latex gloves.

- Plaintiff knew, prior to December 28, 1998, that the Medline brand of natural rubber latex gloves were the medical gloves which she used and to which she was exposed since 1993.

Plainly, more than three years before this action was commenced, plaintiff actually discovered, or in the exercise of reasonable care should have discovered, the actionable harm alleged in the Complaint caused by Medline's product. There exists no genuine issue of material fact on whether the statute of limitations began to run more than three (3) years before this action was commenced. Medline is therefore entitled to summary judgment as a matter of law.

For the reasons stated above, Medline respectfully requests the Entry of Summary Judgment in its favor and against plaintiffs Andrea Hogan and Stamford Hospital.

        Respectfully submitted,

        **JANSSEN KEENAN & CIARDI P.C.**

By:    s/ Henry H. Janssen
        Henry H. Janssen, Esquire
        One Commerce Square
        2005 Market Street, Suite 2050
        Philadelphia, PA 19103
        (215) 665-8888

        and

        **LORICCO, TROTTA & LORICCO, LLC**

        s/ Ronald J. LoRicco, Sr.
        Ronald J. LoRicco, Sr., Esquire
        216 Crown Street
        New Haven, CT 06510
        (203) 865-3123