UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREA HOGAN, | : | NO.: 3:03CV2426 (CFD) |
| | : | |
| v. | : | |
| | : | |
| ALLEGIANCE CORPORATION, ET AL. | : | JUNE 11, 2004 |

**ANSWER OF ALLEGIANCE CORPORATION TO INTERVENING COMPLAINT BY STAMFORD HOSPITAL**

Defendant Allegiance Corporation ("AC") answers the allegations of the Intervening Complaint (the "Intervening Complaint") by Stamford Hospital ("Plaintiff in Intervention"), as follows:

1. AC lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, denies those allegations.

2. AC lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, denies those allegations.

3. AC denies the allegations in paragraph 3, except that AC lacks sufficient knowledge and information to form a belief as to the truth of the allegations as they relate to defendants other than AC. AC further alleges that it is a holding company, which has never designed, made, distributed, or sold natural rubber latex gloves.

4.	AC denies the allegations in paragraph 4, including any and all allegations of Plaintiff's Complaint which Plaintiff in Intervention purportedly incorporates by reference.

5.	AC denies the allegations in paragraph 5.

6.	AC incorporates its responses to paragraph 1 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

7.	AC incorporates its response to paragraph 2 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

8.	AC incorporates its response to paragraph 3 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

9.	AC incorporates its response to paragraph 4 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

10.	AC incorporates its response to paragraph 5 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

11.	AC incorporates its response to paragraph 6 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

12.	AC incorporates its response to paragraph 7 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

13.	AC incorporates its response to paragraph 8 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

14. AC incorporates its response to paragraph 9 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

15. AC incorporates its response to paragraph 10 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

16. AC incorporates its response to paragraph 11 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

17. AC incorporates its response to paragraph 12 of Plaintiff's Complaint, contained in AC's Answer to Complaint, as though set forth in full here.

18. The allegations of paragraph 18 contain conclusions of law to which no responsive pleading is required and which are deemed denied. If and to the extent a response is deemed required, AC denies the allegations of paragraph 18, except that AC lacks sufficient knowledge and information to form a belief as to the truth of the allegations as they relate to defendants other than AC.

## BY WAY OF AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Intervening Complaint fails to state a claim against AC upon which relief can be granted.

**Second Affirmative Defense**

    The Intervening Complaint is barred by the applicable statute of limitations.

**Third Affirmative Defense**

    The Intervening Complaint is barred by the doctrine of assumption of risk.

**Fourth Affirmative Defense**

    The Intervening Complaint is barred by waiver, estoppel, and/or laches.

**Fifth Affirmative Defense**

    The Intervening Complaint is barred for failure to join indispensable parties pursuant to Fed. R. Civ. P. 19.

**Sixth Affirmative Defense**

    This Court lacks subject matter jurisdiction.

**Seventh Affirmative Defense**

    Plaintiff and/or Plaintiff in Intervention failed to timely advise AC of any claim of breach of warranty.

**Eighth Affirmative Defense**

The claims of Plaintiff and Plaintiff in Intervention are barred by the sophisticated use and learned intermediary doctrines.

**Ninth Affirmative Defense**

Any injuries or damages sustained by Plaintiff or Plaintiff in Intervention, if any, were caused, in whole or in part, by acts or omissions of persons or entities other than AC. Accordingly, any recovery by Plaintiff or Plaintiff in Intervention, if any, should be reduced in proportion to the percentage of negligence or proportion of fault attributable to others.

**Tenth Affirmative Defense**

Plaintiff and Plaintiff in Intervention have failed to mitigate their respective alleged injuries or damages.

**Eleventh Affirmative Defense**

Any injuries or damages sustained by Plaintiff, if any, resulted, in whole or in part, from an intervening or superceding cause.

**Twelfth Affirmative Defense**

The claims of Plaintiff and Plaintiff in Intervention are barred as a matter of public policy.

**Thirteenth Affirmative Defense**

The claims of Plaintiff and Plaintiff in Intervention are barred because the proximate cause of the claimed damages and injuries in this action is Plaintiff's own idiosyncrasies or allergies, pre-existing medical conditions, subsequent medical conditions, and/or natural course of conditions for which AC is not responsible.

**Fourteenth Affirmative Defense**

At all relevant times, the products conformed to the state of the art for the design and manufacture of similar products.

**Fifteenth Affirmative Defense**

Over time, as the level of knowledge regarding possible risks of adverse reactions to natural rubber latex gloves developed, that information was widely disseminated and generally known to health care providers.  Plaintiff and Plaintiff in Intervention therefore should have known of the possible risk of adverse reactions to natural rubber latex gloves at the time of Plaintiff's alleged injuries.

**Sixteenth Affirmative Defense**

There is no reasonable way of foretelling who will suffer an adverse reaction to natural rubber latex gloves.

**Seventeenth Affirmative Defense**

Plaintiff's claimed injuries and damages are the result of the operation of nature over which AC has no control.

**Eighteenth Affirmative Defense**

On information and belief, the products used were not used as intended and/or were altered, misused, and/or modified in an unforeseeable manner by parties outside AC's control.

**Nineteenth Affirmative Defense**

Pursuant to Comment (k) to Section 402A of the Restatement of Torts (Second), at all relevant times, the products were not unreasonably dangerous, given the state of knowledge regarding such products, particularly in light of the benefits of barrier protection from blood borne pathogens derived from the use of such products. AC further alleges that Plaintiff's action and the Complaint in Intervention are barred by

the provisions of the Restatement (Second) of Torts, Section 402A, Comments k and j, and case law upholding and applying those provisions, as well as the provisions of the Restatement (Third) of Torts.

**Twentieth Affirmative Defense**

The claims of Plaintiff and Plaintiff in Intervention are barred by the Medical Device Amendments of 1976 to the Federal Food, Drug, and Cosmetic Act.

**Twenty-First Affirmative Defense**

Plaintiff and Plaintiff in Intervention lack privity with AC.

**Twenty-Second Affirmative Defense**

Plaintiff and Plaintiff in Intervention failed to plead fraud with particularity, as required by applicable law.

**Twenty-Third Affirmative Defense**

At all relevant times, AC's conduct, if any, was lawful, privileged, and justified.

**Twenty-Fourth Affirmative Defense**

Plaintiff and Plaintiff in Intervention have failed to allege a safer alternative design or formulation.

**Twenty-Fifth Affirmative Defense**

AC denies making any express warranties.

**Twenty-Sixth Affirmative Defense**

Venue is improper in this Court.

**Twenty-Seventh Affirmative Defense**

The Intervening Complaint, and each of its purported claims, fails to state facts sufficient to constitute a claim for exemplary or punitive damages.

**Twenty-Eighth Affirmative Defense**

Any award of punitive damages against AC in this matter would violate AC's guarantees of due process and protection against double jeopardy, excessive fines, and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution.

**Twenty-Ninth Affirmative Defense**

This Court lacks personal jurisdiction over AC.

**Thirtieth Affirmative Defense**

The products referred to in the Complaint and Intervening Complaint are medical devices and the federal government has preempted the field of law applicable to medical devices and their labeling.  Therefore, the Complaint and Intervening Complaint fail to state a cause of action in that such claims for relief, if granted, would impede, frustrate, and/or burden the effectiveness of federal law and federal regulation of the field of medical devices and thus would violate the Supremacy Clause (Article IV section 2) of the United States Constitution.

**Thirty-First Affirmative Defense**

AC hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case and hereby reserves the right to amend its Answer to the Complaint and/or its Answer to the Intervening Complaint to assert any such defense.

WHEREFORE, AC prays for judgment, as follows:

1. That Plaintiff in Intervention take nothing by reason of the Intervening Complaint;

2. That the Court enter judgment dismissing the Intervening Complaint as to AC;

3. That the Court award AC its reasonable expenses and costs, including but not limited to reasonable attorneys' fees, incurred in the defense of the Intervening Complaint; and

4. That the Court grant AC such other and further relief as the Court may deem proper.

DEFENDANT,
ALLEGIANCE CORPORATION

By\_\_\_\_/s/ John J. Bogdanski\_\_\_
John J. Bogdanski
ct06217
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail:  jbogdanski@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 11th day of June, 2004.

Timothy F. Butler, Esquire
Tibbetts, Keating & Butler, LLC
43 Corbin Drive
Darien, CT  06820

Anne K. Millham, Esquire
Letizia, Ambrose & Falls
One Church Street
New Haven, CT  06510

Frederick J. Trotta, Sr., Esquire
LoRicco Trotta & LoRicco, LLC
LoRicco Tower
216 Crown Street
New Haven, CT  06510

                                                                                              /s/ John J. Bogdanski
                                                                                          John J. Bogdanski