UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREA HOGAN, | : | NO.  3:03CV2426 (CFD) |
| | : | |
| v. | : | |
| | : | |
| ALLEGIANCE CORPORATION, ET AL. | : | JUNE 17, 2004 |

**ALLEGIANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND
JOINDER IN MEDLINE INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT**

  Defendant Allegiance Corporation moves for summary judgment in favor of Allegiance Corporation and against Plaintiff Andrea Hogan and Plaintiff in Intervention Stamford Hospital and joins Medline Industries, Inc.'s Motion for Summary Judgment, filed May 28, 2004, and, in support of this Motion, avers:

  1.  Plaintiff cannot state a claim against Allegiance Corporation in this action;

  2.  This action was commenced against Allegiance Corporation more than three (3) years from the date when Plaintiff's alleged injury was first sustained or discovered or in the exercise of reasonable care should have been discovered;

  3.  Allegiance Corporation incorporates its Memorandum in Support of Allegiance Corporation's Motion for Summary Judgment and Joinder in Medline Industries, Inc.'s Motion for Summary Judgment and its Local Rule 56(A)1 Statement, both attached to this Motion;

  4.  Allegiance Corporation incorporates the Motion by Defendant Medline Industries, Inc. for Summary Judgment, including the Memorandum of Defendant Medline Industries, Inc. in Support of Motion for Summary Judgment and the Local Rule 56(a)1 Statement in Support of Motion for Summary Judgment by Defendant Medline Industries, Inc. and all exhibits, dated May 28, 2004;

  5.  Allegiance Corporation is entitled to judgment as a matter of law.

- 2 -

Allegiance Corporation respectfully requests entry of an Order granting summary judgment in its favor and against Plaintiff Andrea Hogan and Plaintiff in Intervention Stamford Hospital, in the form attached.

Respectfully submitted,

Dated: June 17, 2004     HOWD & LUDORF

By  /s/ John J. Bogdanski
    John J. Bogdanski
    65 Wethersfield Ave.
    Hartford, CT 06114-1190
    860-249-1361

Attorneys for Allegiance Corporation

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 17th day of June, 2004.

Timothy F. Butler, Esquire
Tibbetts, Keating & Butler, LLC
43 Corbin Drive
Darien, CT  06820

Anne K. Millham, Esquire
Letizia, Ambrose & Falls
One Church Street
New Haven, CT  06510

Frederick J. Trotta, Sr., Esquire
LoRicco Trotta & LoRicco, LLC
LoRicco Tower
216 Crown Street
New Haven, CT  06510

                                                                          /s/ John J. Bogdanski
                                                                        John J. Bogdanski

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREA HOGAN, | : | NO.  3:03CV2426 (CFD) |
| | : | |
| v. | : | |
| | : | |
| ALLEGIANCE CORPORATION, ET AL. | : | JUNE 17, 2004 |

**MEMORANDUM IN SUPPORT OF ALLEGIANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND JOINDER IN MEDLINE INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.     SUMMARY OF ARGUMENT**

In this product liability case, plaintiff Andrea Hogan sues Allegiance Corporation and Medline Industries claiming that she has a natural rubber latex allergy caused by rubber gloves.  It is a mystery why AC is in this case.  AC is a holding company.  AC has never designed, made, distributed, or sold rubber gloves or any other product.  It follows that AC cannot be liable on Plaintiff's product liability theories.  Further, Plaintiff's lawsuit is barred because she did not file it within the applicable three (3) year statute of limitations.  AC is entitled to summary judgment in its favor.

**II.    STATEMENT OF FACTS**

Plaintiff sued AC and Medline in this Court, on December 28, 2001.[1] (*See*, Complaint.)  Plaintiff's Complaint alleges that she has a rubber allergy caused by

---

[1] On May 23, 2002, the Judicial Panel on Multidistrict Litigation transferred this case to the United States District Court for the Eastern District of Pennsylvania, *In Re: Latex Gloves Products Liability Litigation*, MDL No. 1148.  AC answered in the MDL (on November 12, 2002) and asserted various affirmative defenses, including failure to state a claim and the statute of limitations.  (*See*, Allegiance Corporation's Answer to Complaint, First and Second Affirmative Defenses, p. 4.)  On February 4, 2004, the MDL Panel remanded the case back to this Court for case-specific proceedings. Plaintiff's former employer, Stamford Hospital has since filed a Petition in Intervention.  The Court entered a Scheduling Order, and Defendants have deposed Plaintiff and a number of third party witnesses, including many of Plaintiff's health care providers.

rubber gloves "designed, manufactured, constructed, distributed, sold and/or placed into interstate commerce by the Defendants." (Complaint, ¶9.) Plaintiff names only AC and Medline in her Complaint. (*See*, Complaint.) AC is a holding company. (AC's Local Rule 56(A)1 Statement, Fact 1.) AC has never designed, made, distributed, or sold rubber gloves. (AC's Local Rule 56(A)1 Statement, Fact 2.)

Although there is a company with "Allegiance" in its name that makes rubber gloves, Plaintiff did not sue that company. (AC's Local Rule 56(A)1 Statement, Fact 3.) Even if she had, she could not prevail. Plaintiff has no recollection of ever having used or been exposed to an "Allegiance" rubber glove. (AC's Local Rule 56(A)1 Statement, Fact 4.) There is no evidence that "Allegiance" rubber gloves were ever present at any of the places where Plaintiff trained or worked. (AC's Local Rule 56(A)1 Statement, Fact 5.) Counsel for AC has repeatedly explained these facts to Plaintiff's counsel, who agreed that Plaintiff would voluntarily dismiss AC from this lawsuit. However, Plaintiff still fails and refuses to do so, forcing AC to file this Motion. (*See*, Affidavit of Brenda N. Buonaiuto, ¶¶2-5.)

Notwithstanding that Plaintiff's claims against AC are baseless, her action is time-barred. As shown by Medline's Motion for Summary Judgment, Plaintiff believed she had a rubber allergy caused by rubber gloves more than three (3) years before she filed this lawsuit. AC incorporates the Motion by Defendant Medline Industries, Inc. for Summary Judgment, including the Memorandum of Defendant Medline Industries, Inc. in Support of Motion for Summary Judgment and the Local Rule 56(A)1 Statement in Support of Motion for Summary Judgment by Defendant Medline Industries, Inc. and all exhibits, dated May 28, 2004, as though set forth in full here. AC specifically refers the Court to Medline's Memorandum, pages 5-6, The Facts of This Action, and Medline's Local Rule 56(A)1 Statement, Facts 1 through 50, inclusive.

### III. LEGAL ARGUMENT

#### A. Standard for Summary Judgment

AC incorporates the Motion by Defendant Medline Industries, Inc. for Summary Judgment, including the Memorandum of Defendant Medline Industries, Inc. in Support of Motion for Summary Judgment and the Local Rule 56(A)1 Statement in Support of Motion for Summary Judgment by Defendant Medline Industries, Inc. and all exhibits, dated May 28, 2004, as though set forth in full here. AC specifically refers the Court to Medline's Memorandum, pages 3-5, The Applicable Statute Of Limitations and Standards for Summary Judgment On Statute Of Limitations.

#### B. Plaintiff's Claims Against Allegiance Corporation Fail As A Matter Of Law

There is no basis for Plaintiff's lawsuit against AC. It is elementary under Connecticut law that to prevail on a product liability claim, the plaintiff must prove that the defendant designed, made, sold, or distributed the product she alleges caused her harm. *See*, C.G.S. § 52-572(a), (e). "In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries." *Haesche v. Kissner*, 229 Conn. 213, 218 (1994). Here, Plaintiff asserts product liability claims for a rubber allergy caused by rubber gloves. Yet, the undisputed material facts prove that AC is a holding company that has never designed, made, distributed, or sold rubber gloves. (Allegiance Corporation's Local Rule 56(A)1 Statement, Facts 1, 2.) It is therefore impossible for Plaintiff to recover from AC on her product liability theories. *See, e.g.*, *Desnoyers v. Wells*, 496 A.2d 237, 238 (Conn. App. 1985) (when uncontradicted facts establish that defendant did not manufacture, sell, or distribute product, summary judgment in favor of defendant on plaintiff's product liability claims is appropriate). AC must be awarded judgment in its favor as a matter of law, pursuant to Fed. R. Civ. P. 56(b), (c).

Although there is a company with "Allegiance" in its name that makes rubber gloves, Plaintiff did not sue that company. (AC's Local Rule 56(A)1 Statement, Fact 3.) Even if she had, her claims would still fail. Plaintiff admits that she has no recollection of ever having used or been exposed to an "Allegiance" rubber glove. (AC's Local Rule 56(A)1 Statement, Fact 4.) Consistent with her testimony, there is no evidence in this case that "Allegiance" rubber gloves were ever present at any of the places where Plaintiff trained or worked. (AC's Local Rule 56(A)1 Statement, Fact 5.) Based on these facts, Plaintiff's counsel agreed that Plaintiff would voluntarily dismiss AC from this lawsuit. (Buonaiuto Affidavit, ¶4.) Four months later, and Plaintiff still fails and refuses to do so. (*See*, Buonaiuto Affidavit, ¶¶2-5.)

### C. Plaintiff's Action Is Barred Because She Was Aware Of Her Claimed Injuries And Attributed Those Injuries To Rubber Gloves More Than Three (3) Years Before She Filed Her Lawsuit

As shown by Medline's Motion, the undisputed material facts prove that Plaintiff knew of her alleged injuries and believed that those injuries were caused by rubber gloves more than three (3) years before she filed this lawsuit. Plaintiff's lawsuit is therefore barred in its entirety as to all defendants, including AC. AC is entitled to judgment as a matter of law in its favor, pursuant to Fed. R. Civ. P. 56(b), (c).

AC incorporates the Motion by Defendant Medline Industries, Inc. for Summary Judgment, including the Memorandum of Defendant Medline Industries, Inc. in Support of Motion for Summary Judgment and the Local Rule 56(A)1 Statement in Support of Motion for Summary Judgment by Defendant Medline Industries, Inc. and all exhibits, dated May 28, 2004, as though set forth in full here. AC specifically refers the Court to Medline's Memorandum, pages 5-6, The Facts of This Action, and Medline's Local Rule 56(A)1 Statement, Facts 1 through 50, inclusive.

- 5 -

## IV.     CONCLUSION

AC does not belong in this case.  Because there is no genuine issue of material fact sufficient to establish liability against AC, the Court should enter judgment as a matter of law in favor of AC and against Plaintiff and Plaintiff in Intervention on all claims.  Given Plaintiff's baseless refusal to voluntarily dismiss AC, the Court should also award AC its fees and costs incurred to bring this Motion.

Respectfully submitted,

Dated: June 17, 2004                HOWD & LUDORF


By_____/s/ John J. Bogdanski_____
    John J. Bogdanski
    65 Wethersfield Ave.
    Hartford, CT 06114-1190
    860-249-1361

Attorneys for Allegiance Corporation

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 17th day of June, 2004.

Timothy F. Butler, Esquire
Tibbetts, Keating & Butler, LLC
43 Corbin Drive
Darien, CT  06820

Anne K. Millham, Esquire
Letizia, Ambrose & Falls
One Church Street
New Haven, CT  06510

Frederick J. Trotta, Sr., Esquire
LoRicco Trotta & LoRicco, LLC
LoRicco Tower
216 Crown Street
New Haven, CT  06510

          /s/ John J. Bogdanski
John J. Bogdanski