UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ANDREA HOGAN,                    :   No. 3:01CV 2426 (CFD)

Plaintiff,                       :

v.                               :   JULY 8, 2004

ALLEGIANCE CORPORATION, and      :
MEDLINE INDUSTRIES, INC.

Defendants.                      :

### MEMORANDUM OF PLAINTIFF ANDREA HOGAN IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS ALLEGIANCE CORPORATION AND MEDLINE INDUSTRIES

**Introduction**

Plaintiff, Andrea Hogan, a former healthcare professional, has brought this action against the manufacturers of latex gloves used by her in her employment, for her actionable injuries suffered due to her repeated exposure to the defendants' products during her career.

This action was filed on December 28, 2001, and has been pending since that time.

**Counter Statement of facts**

The plaintiff, Andrea Hogan, is a former healthcare professional, who suffers from a severe latex allergy which has manifested itself in various ways. This allergy has become more severe due to repeated exposure to latex. This exposure occurred as a consequence of her employment. (Hogan Aff. ¶8.) The full severity of this allergy, contrary to the allegations made by the defendants, was not known to the plaintiff until 1999, when her employment with the Stamford Hospital came to an end. (Hogan Aff. ¶27-30.) As the deposition testimony of the

plaintiff, and her affirmation, submitted herewith demonstrate, although the plaintiff suffered various reactions, and began to avoid exposure to latex by the use of vinyl gloves during late 1997, (Hogan Aff. ¶10.) the plaintiff was not informed by her providers of the actual nature of the allergy. (Hogan Aff. ¶26). In 1999 the allergy became so severe that the plaintiff was discharged from her employment.(Hogan Aff.¶30.) Not until 1999 did the plaintiff understand the full nature of the danger that exposure to latex posed to her health and well being. (Hogan Aff. ¶30.)

Contrary to the contentions of the defendant Medline, adopted by the defendant Allegiance, the plaintiff was not fully aware of the nature and extent of her injuries. The plaintiff did not meet with Dr. Sterling to discuss her health situation until 1999. (Hogan Aff.¶19-25.) The contentions of the defendants to the contrary which allege that the plaintiff received a full diagnosis of latex allergy, with consequent dangers of anaphylactic shock, in 1997, are therefore erroneous. (Hogan Aff. ¶24-26.)

It is an issue of fact as to the exact date that the plaintiff became aware of the nature and extent of her latex allergy. This exact date, it is contended by the plaintiff, occurred in 1999, and began the running of the statute of limitations herein. (Hogan Aff. ¶27-30.) By contrast, the defendants contend that the plaintiff was diagnosed with latex allergy prior to 1996. The plaintiff has no recollection of the alleged diagnosis, and believes that her first diagnosis which demonstrated the full nature of her injuries occurred at the time of her severance from employment with Stamford Hospital, in 1999. (Hogan Aff. ¶20, 25, 30.)The plaintiff's recollection of the relevant events is contained in her affirmation, annexed hereto.

**Statute of Limitations**

The plaintiff agrees that the three year statute of limitations contained in Connecticut General Statutes §52-577a(a) is applicable to this diversity action. The contentions of the defendant as to the Connecticut actual service rule and the date of service on Medline of January 28, 2002 are not in dispute. It is however disputed as to the effect of this date on the cause of action brought herein. This dispute raises triable issues of fact.

The defendants contention that the discovery of the plaintiff of her reaction of any sort to latex in 1996 means that this action, subsequently brought for actionable conduct which is causally connected to repeated and continued exposure to latex, must be time barred if not brought within three years of the first reaction, however slight. This contention relies on a misreading of the *Gnazzo* case cited by the defendant. In the *Gnazzo* case, that plaintiff suffered infertility due to use of an IUD some years previously, with a consequent episode of pelvic inflammatory disease. "PID" The court found that the action accrued at the time of the diagnosis with PID, and not at the time of the subsequent infertility. In the instant action, prior to 1999, the plaintiff was aware only that she suffered from contact dermatitis due to the use of the defendants products. She was unaware of the nature of the allergy which was still developing itself. For the Court to find that the cause of action accrued at the first rash suffered by the plaintiff would lead to ludicrous results, and would lead to a rule where each person injured through use of the defendants' products would need to institute an action at the slightest sign of injury. This type of rule would be patently unfair to the plaintiff, and future plaintiffs.

**Standards for Summary Judgment**

Summary judgment is appropriate for any party to an action when no material fact is in dispute. Fed. R. Civ. P. 56. It is inappropriate if a material fact is in dispute.

The burden is on the moving party, herein the defendant, to demonstrate that there are no material issues of fact in dispute, and the movant is thus entitled to judgment as a matter of law.

All inferences must be drawn in favor of the non-moving party, and all ambiguities are resolved in favor on the non-moving party, the plaintiff, Andrea Hogan. *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d. 520, 523 (2d. Cir. 1993).

> Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Caldarola v. Calabrese*, 298 F.3d 15, 160 (2d Cir.2002) (internal citations and quotation marks omitted). [T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. *First Nat'l Bank of Ariz. v.Cities Serv. Co.*, 391 U.S. 253, 288- 89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). In ruling on a motion for summary judgment, the district court must view the evidence in the light most favorable to the party opposing summary judgment and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper. *Gummo v. Village of Depew, N.Y.*, 75 F.3d 98, 107 (2d Cir.1996) (internal citations omitted).

*Harris v. Provident Life and Accident Insurance Company*, 310 F.3d. 73, 78 (2nd Cir., 2002).

As the attached affirmation of Andrea Hogan and the plaintiff's Local Rule 56 (A)(2) statements demonstrate, there exists an issue of fact as to the date which the plaintiff learned, or should have learned the nature and extent of her actionable injuries. The plaintiff indicates that she received a diagnosis in 1999. The defendants attempt to build a pyramid of medical records and deposition testimony into a diagnosis in 1996. This attempt should be rejected by the Court. The plaintiff has absolutely no recollection of the physician who supposedly made this diagnosis,

Claudio Borghesan. If the diagnosis of such a serious malady as latex allergy was made in 1996, the plaintiff would have a recollection of the physician who made it, and would have conformed her conduct to the diagnosis. She did no such thing. Instead she continued to work at Stamford Hospital as a nurse for three years until forced out by hospital staff.

This issue, as to the plaintiff's conduct in the face of a diagnosis which she does not recall, raises material issues of fact as to the central issue of this lawsuit, the actionable injury to the plaintiff, and its discovery.

**Conclusion**

As the plaintiff instituted this action within three years of her discovery of the nature and scope of the actionable harm done to her by the defendants' products, this action was filed in a matter which comports with the appropriate statute of limitations. This action therefore should not be the subject of summary judgment.

Respectfully submitted,

Tibbetts Keating & Butler, LLC

_____
Timothy F. Butler, Esq., (CT 15537)
43 Corbin Drive, Post Office Box 5
Darien, CT 06820
(203) 656-1066

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, postage prepaid, via U.S. Mail to the following counsel of record, this 9th Day of July, 2004:


Anne K. Millham, Esq.,
Letizia, Ambrose & Falls
One Church Street
New Haven, CT 06510

John J. Bogdanski, Esq.,
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Frederick J. Trotta, Sr., Esq.,
LoRicco, Trotta & LoRicco, LLC
LoRicco Tower
216 Crown Street
New Haven, CT 06510

_____
Timothy F. Butler