UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

No. 3:01CV 2426 (CFD)

ANDREA HOGAN,

Plaintiff,

v.                                              JULY 8, 2004

ALLEGIANCE CORPORATION, and
MEDLINE INDUSTRIES, INC.

Defendants.

## AFFIRMATION OF ANDREA HOGAN

Andrea Hogan, hereby affirms under the penalty of perjury that the following statements are true:

1. I am over the age of eighteen years, and believe in the obligations of an oath.

2. I am the plaintiff in the instant action. As such I am fully familiar with the facts and circumstances which give rise to the action, and the proceedings had heretofore.

3. I worked in the healthcare industry for a period of time, commencing with my graduation from the Bridgeport Hospital School of Nursing, in June of 1995.

4. I became a registered nurse, licensed by the State of Connecticut, in 1995. I continue with that status to the present time.

5. During my nurses training, I did not receive any course materials or information which indicated to me that latex was an allergy producing substance. Upon my graduation, I was unaware of any danger to my health from latex gloves, or other products containing natural

1

rubber latex.

6. I was employed by Dr. James Guthrie in his office in Norwalk, Connecticut during my nurse's training and for a short time after my graduation. During that time, I was completely unaware of any danger to my health from latex gloves or any other latex product.

7. I used latex gloves extremely infrequently during my employment with Dr. Guthrie, and had no reaction that I can recall when I used them.

8. I was employed by Stamford Hospital from August 1995, until my termination in December 1999. I worked in various parts of the hospital in direct patient care, during that time. I worked in the maternity division, and was later assigned to labor and delivery. Each part of my employment required me to use latex gloves. To the best of my recollection, I used Medline latex gloves.

9. During 1996 and 1997, due to contact with the Employee Health Department of Stamford Hospital, I learned that latex was an allergen. My recollection is that the discussions of the potential allergy problem were limited to the potential for contact dermatitis.

10. I took affirmative steps to protect my health by switching to vinyl gloves rather than latex gloves. I also took steps to limit my exposure to latex outside of my work environment. Vinyl gloves were not always available to me, and at times I was forced to use latex gloves.

11. I also learned that powder from others latex gloves was an allergen, and took steps to avoid contact with this powder.

12. I have absolutely no recollection of presenting to Claudio Borghesan, M.D, in March of 1996. Had this physician made a significant diagnosis of me, I would have some recollection of the events. I have none.

13. I have no recollection of being treated for dermatitis, eczema, or rhinitis, by Dr. Borghesan. Had these symptoms been related to latex, I would have some recollection of this treatment. I have none.

14. In April 1996, I presented to the Stamford Hospital Emergency Room, with an anaphylactic reaction. The source of this reaction was never determined. I was never informed that latex did or did not cause the reaction.

15. In May of 1996, I presented to Sekhar Chironomula, M.D., for contact dermatitis. During this time, I also presented to my gynecologist, Astrid Hoffman-Olsen, M.D., and reported that I had a contact reaction to latex.

16. In December 1996 and January 1997, I presented to Lawrence Blum, M.D., and reported that I was suffering from contact dermatitis.

17. Dr. Blum did not determine that I had any reaction stronger than dermatitis at that time.

18. On September 8, 1997, I responded to a questionnaire from Stamford Hospital, and indicated that I had a contact allergy to latex.

19. At a time in September 1997, on a specific date which I do not recall, as a matter of general conversation, Danielle Richlin, a registered nurse employed by the Stamford Hospital in employee health, suggested that I see her. I did so on September 10, 1997.

20. I have no recollection of a RAST test for latex allergy being administered to me at or about that time. Had I been administered such a significant test I would have some recollection of it.

21. I have no recollection of receiving a RAST score of 1924.

3

22. The report of September 10, 1997 mentioned by the defendant was centered in my mind on an allergy to wildflowers.

23. My history, which I supplied to Ms. Richlin at that time mentioned hives on my hands, not facial edema.

24. Any statement which indicates that I was given a list of products and foods to avoid at that time, September 10, 1997, is erroneous. I recall only being informed that I should avoid the use of the respirator mask, as it contained latex.

25. On September 23, 1997, I was not informed of the RAST latex results, and was not advised by Ms. Richlin to carry an epipen or medic alert. Dr. Sterling, who was Ms. Richlin's supervisor at that time did not meet with me until December of 1999. It strains credulity to believe that if I was diagnosed with such a serious malady that the treating physician would not have met with me personally.

26. I was not given prescriptions for an epipen by Ms. Richlin. I was not informed of any serious medical condition involving latex. I was merely sent back to work on the floor, with the advice to use vinyl gloves.

27. Epipens and medic alerts were later prescribed for me by Kevin McGrath, M.D. They were not prescribed by Richlin, or Dr. Sterling, with whom I had not met at time claimed by the defendants.

28. Any hives or generalized urticaria which I experienced in the period from January to June 1998 where limited to my hands, or in contact with other workers gloves.

29. I have no recollection of reporting to either Dr. Cooper or Dr. Sokolowski that I was severely allergic to latex, with anaphylaxis.

30. I was completely unaware of my severe latex allergy problem until 1999 when I was terminated from my employment with Stamford Hospital.

Further affirmant sayeth not.

*Andrea Hogan*
Andrea Hogan

5

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, postage prepaid, via U.S. Mail to the following counsel of record, this 9th Day of July, 2004:

Anne K. Millham, Esq.,
Letizia, Ambrose & Falls
One Church Street
New Haven, CT 06510

John J. Bogdanski, Esq.,
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Frederick J. Trotta, Sr., Esq.,
LoRicco, Trotta & LoRicco, LLC
LoRicco Tower
216 Crown Street
New Haven, CT 06510

_____
Timothy F. Butler