**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ANDREA HOGAN** | : This document relates only to |
| | : |
| **Plaintiff,** | : Civil Action No: 01cv02426 |
| | : |
| v. | : |
| | : |
| **ALLEGIANCE CORPORATION, et al.** | : |
| | : |
| **Defendants** | : |

**REPLY BRIEF OF DEFENDANT MEDLINE INDUSTRIES IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

**I.    Plaintiff's Local Rule (56)(A)(2) Statement Does Not Raise Genuine
Issues of Material Fact Under Fed. R. Civ. P. 56(e).**

Plaintiff's Local Rule 56(A)(2) Statement quibbles with Defendant Medline's Statement, but does not point to record evidence, nor material in Plaintiff's Affirmation, sufficient to bar summary judgment.

First, plaintiff's conclusory "denials" consistently reference nothing in the record except the Affirmation claiming plaintiff's lack of recollection (plaintiff admitted Medline's Statement 49 of a memory impairment due to a prescription drug she has taken since April 2003). For instance, Medline's Statement 47 describes record evidence of plaintiff twice reporting to her dentists, orally and in her own written dental questionnaire, in August 1998, that she was severely allergic to latex

1

with anaphylaxis. The Affirmation (¶29), cited by her denial, states only that she has no recollection of such reports.

Although plaintiff denies Medline's Statement 23 that <u>plaintiff reported</u> her latex allergy <u>to</u> Dr. Borghesan in March 1996, her denial references her Affirmation (¶12-13) that she cannot <u>remember</u> the physician, adding that she doubts that Dr. Borghesan <u>diagnosed her</u> with latex allergy. However, Medline's Statement 23 is that she reported the allergy to the Doctor, not the other way around!

Second, plaintiff's conclusory denials often reference "affirmations" in alleged support of the denials that are completely non-responsive and evasive to Medline's Statement under Local Rule 56(a)(1). For instance, Medline's Statement 29 is that she reported her latex allergy to her gynecologist <u>in December 1996</u> (plaintiff admitted this for Medline's Statement 28), stating to the gynecologist that she had stopped using latex gloves at work because she believed she had an allergy to latex. However, in response, plaintiff's Affirmation (¶15) is only that she, "reported that I had a contact reaction to latex" to the gynecologist in <u>May 1996</u>. Similar responses were made to Medline's Statement 30, concerning the plaintiff's admissions to Dr. Blum, but the Affirmation (¶16-17), cited in support of her conclusory denial, says, "I was suffering from contact dermatitis." In response to Medline's Statement 32 of her reporting a latex allergy for three years in her own

writing in September 1997, the conclusory denial is supported only by an Affirmation (¶18) stating that she "<u>indicated</u> a contact allergy to latex" (Emphasis added).

The remaining responses are simply quibbling. Affirmation ¶19, offered to support a denial to Medline's Statement 34, says that Nurse Richlin's suggestion of an examination, described in Medline's Statement 34, was "a matter of general conversation." For Medline's Statement 38, concerning the September 10, 1997 diagnosis of latex allergy by that nurse, Affirmation ¶22, in support of a conclusory denial, only says that that report was "centered in my mind as an allergy to wildflowers." In response to Medline's Statement 39 regarding plaintiff's written report of latex allergy to that nurse in a questionnaire handwritten by plaintiff, plaintiff simply says (Affirmation ¶22) that the hives she reported were on her hands. However, plaintiff admitted to being trained earlier that hives, and the other symptoms described in Medline's Statement 39, were symptoms of Type I systemic allergic reaction (Statement 8, admitted by plaintiff). When Medline's Statement 43 asserted that the nurse consulted with Dr. Sterling because of plaintiff's high positive RAST test, history of anaphylaxis reaction and occupational exposure, as plaintiff admitted to Medline's Statement 43, her Affirmation adds that this strains credibility (Affirmation ¶ 25) because Dr. Sterling did not personally examine her then. While she admits to being trained in allergies in 1993-1995 (Medline's Statement 5-9), her Affirmation (¶ 5) alleges that she did not know during 1993-1995 that latex was a

human allergen, although she admits to learning this in 1996-1997, adding that she thought this was just for contact dermatitis (Affirmation ¶ 9).

The federal courts make short work of these types of evasive, non-responsive offers of evidence by registered nurses in opposition to statute of limitations summary judgment motions in latex litigation. See Hughes v. Allegiance Healthcare, 152 F. Supp. 2d 667 (E.D. Pa. 2001); Whitson v. Safeskin, 134 F. Supp.2d 415 (E.D. Pa 2001). These cases unequivocally reject the evasive and unresponsive strategy undertaken by the plaintiff in response to Medline's motion for Summary Judgment. Id.

**II.     Plaintiff's Memorandum Confirms that the Limitations Period Passed.**

Plaintiff's memorandum states that her severe latex allergy has "manifested itself in various ways," "has become more severe due to repeated exposure to latex," that she "suffered various reactions, and began to avoid exposure to latex . . . during late 1997," but she did not "understand the full nature of the danger" until 1999. See Memorandum, pp. 1-2.

Nevertheless, plaintiff clearly admits in her Affirmation, her declaration and her memorandum that she suffered the bodily injuries alleged in the Complaint from latex (¶¶8, 10, 12, 14), and knew of the injury and its causes (Medline's latex gloves) more than three years before this action was commenced. This is sufficient for the running of the statute. The statute's running is not delayed until she learned of its

complete dangerous nature, or until she suffered a later serious latex allergic reaction in 1999. She plainly knew or should have known of her bodily injury, and its cause, and the alleged culprit (Medline) more than three years before this action was commenced.

> Medline 56 (a)(1) Statement 47: "In August, 1998, plaintiff twice reported to her dentists, Dr. Cooper and Dr. Sokolowski, orally and in patient questionnaires signed by her, that she was severely allergic to latex with anaphylaxis."
>
> Plaintiff's 56 (a)(2) Statement 47: "Paragraph 47 is denied. See Hogan Affirmation ¶29."
>
> Hogan Affirmation ¶29: "I have no recollection of reporting to either Dr. Cooper or Dr. Sokolowski that I was severely allergic to latex with anaphylaxis."

The limitations period begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. Gnazzo v. G.D. Searle & Co., 973 F.2d 136 (2d Cir. 1992) (diagnosis of IUD–caused infections begins limitations period for plaintiff later diagnosed with IUD-caused infertility). From the Local Rule 56 Statements and the Affirmation, it is quite clear that, for the symptoms described in the Complaint as her injuries, including anaphylaxis, plaintiff knew she suffered those injuries from using Medline's latex gloves more than three (3) years before this action commenced. The limitations period is not tolled until she learns of their fullest manifestation or severity. Dennis v. ICL, Inc. 957 F. Supp. 376 (D. Conn. 1997).

Once the period begins to run, it is not extended by the continuing or aggravating use of the offending product. <u>Einhorn v. American Telephone and Telegraph</u>, 1996 WL 684399 (D. Conn. 1996); <u>Durrett v. Leading Edge Products</u>, 965 F. Supp. 280 (D. Conn. 1997).

**III.    Conclusion**

Her medical records submitted in this case, the sworn testimony of her healthcare providers, and her own reports to her healthcare providers, collected and asserted by Medline in its Local Rule 56(a)(1) Statement, cannot be evaded by conclusory denials and statements of "I don't remember this" from a memory-impaired plaintiff. Plaintiff has not fulfilled her burden of submitting admissible evidence creating a genuine issue of material fact sufficient to prevent summary judgment under Fed. R. Civ. P. 56(e) and Local Rule 56 (a)(3).

**LORICCO, TROTTA & LORICCO, LLC**


**By:** _____
    Frederick J. Trotta, Sr., Esquire
    **LoRicco, Trotta & LoRicco, LLC**
    216 Crown Street
    New Haven, CT  06510
    (203) 865-3123

    Henry H. Janssen, Esquire
    Kenneth J. Grunfeld, Esquire
    Janssen Keenan & Ciardi P.C.
    One Commerce Square
    2005 Market Street, Ste. 2050
    Philadelphia, PA  19103
    (215)  665-8888

    Attorneys for Defendant