UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREA HOGAN, | : | NO. 3:03CV2426 (CFD) |
| | : | |
| v. | : | |
| | : | |
| ALLEGIANCE CORPORATION, ET AL. | : | JULY 20, 2004 |

**REPLY BRIEF IN SUPPORT OF ALLEGIANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND JOINDER IN MEDLINE INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT**

I. **PLAINTIFF CONCEDES THAT SHE CANNOT STATE A CLAIM AGAINST ALLEGIANCE CORPORATION**

Plaintiff's opposition fails to solve the mystery as to why Allegiance Corporation ("AC") is in this case.

First, plaintiff does not dispute that AC is a holding company. Rather, she hollowly states that she "lacks information." Second, plaintiff does not dispute that AC has never designed, made, distributed, or sold rubber gloves or any other product. Again, she simply states that she "lacks information." Third, plaintiff admits that she has never used or been exposed to an "Allegiance" rubber glove. And, finally, she offers no evidence that "Allegiance" rubber gloves were ever present at any of the

places where she trained or worked. Instead, she affirmatively states that she used only "Medline" gloves or vinyl gloves. (Plaintiff's Affirmation ¶¶7-8.)

Plaintiff has not produced – and simply cannot produce – evidence that AC designed, made, sold, or distributed the product she alleges caused her harm. By contrast, the undisputed material facts demonstrate that no rational jury could find AC liable on plaintiff's claims. See, Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994). AC is entitled to judgment in its favor as a matter of law. See, Desnoyers v. Wells, 496 A.2d 237, 238 (Conn. App. 1985) (when uncontradicted facts establish that defendant did not manufacture, sell, or distribute product, summary judgment in favor of defendant on plaintiff's product liability claims is appropriate).

## II. PLAINTIFF FAILS TO CREATE A TRIABLE ISSUE OF FACT SUFFICIENT TO AVOID SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

Likewise, the undisputed material facts – contained in documentary evidence, including plaintiff's own handwritten statements – demonstrate that plaintiff's claims are barred by Connecticut's three (3) year statute of limitations. Plaintiff has offered no evidence to counter those undisputed facts. As shown by Medline's Reply Brief, which AC adopts, plaintiff's selective memory alone is not sufficient.

It is well established that a plaintiff cannot create her own "genuine" issue of fact simply by presenting contradictory or unsupported statements. See, Brock v.

Connecticut Union of Telephone Workers, Inc., 703 F.Supp. 202 (D.Conn. 1988), citing Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d. Cir. 1978).  Whether or not plaintiff "recalls" her own actions and statements, the objective evidence is clear that plaintiff told her health care providers that she suffered from a latex allergy with anaphylaxsis more than three (3) years before she filed this lawsuit.  Her action is therefore barred by the statute of limitations, and AC is entitled to summary judgment in its favor.  See, Mascaro v. The Hartford Fire Ins. Co., 1998 WL 823041 *2 (D. Conn. 1998), citing Three Crown Ltd. Partnership v. Salomon Bros., 906 F.Supp. 876 (SDNY 1995) [citations omitted] (self-serving statements without any supporting evidence are insufficient to survive summary judgment).

**III.    CONCLUSION**
Not only has plaintiff failed to meet her burden, the undisputed material facts show she could not have done so.  It is undisputed that AC does not belong in this case.  AC therefore respectfully requests that the Court enter judgment as a matter of law in favor of AC and against plaintiff and plaintiff in intervention on all claims.  Further, because plaintiff has never had a good faith claim against AC but refused to

voluntarily dismiss AC from this case, AC also requests an award of its fees and costs incurred to bring this motion.

                              DEFENDANT,
                              ALLEGIANCE CORPORATION


                              By___   ___/s/ John J. Bogdanski___  _
                                 John J. Bogdanski
                                 ct06217
                                 Howd & Ludorf
                                 65 Wethersfield Avenue
                                 Hartford, CT  06114
                                 (860) 249-1361
                                 (860) 249-7665 (Fax)
                                 E-Mail:  jbogdanski@hl-law.com

## **CERTIFICATION**

   This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 20th day of July, 2004.

| | | |
|---|---|---|
| Timothy F. Butler, Esquire<br>Tibbetts, Keating & Butler, LLC<br>43 Corbin Drive<br>Darien, CT  06820<br><br>Douglas C. Conroy, Esquire<br>Firouzeh Nur-Vaccaro, Esquire<br>Paul, Hastings, Janofsky & Walker<br>1055 Washington Blvd., 9th Floor<br>Stamford, CT  06901 | James D. Toll, Esquire<br>Sills Cummis Epstein & Gross<br>One Riverfront Plaza<br>Newark, NJ  07102-5400<br><br>Ronald J. Loricco, Esquire<br>Frederick J. Trotta, Esquire<br>LoRicco, Trotta & LoRicco<br>216 Crown Street<br>Loricco Towers<br>Suite 502<br>New Haven, CT  06510 | Charles A. Deluca, Esquire<br>R. Kelley Franco, Esquire<br>Ryan, Ryan, Johnson & Deluca<br>80 4th Street<br>P.O. Box 3057<br>Stamford, CT  06905<br><br>James M. Moriarty, Esquire<br>Kelley, Drye & Warren, LLP<br>Two Stamford Plaza<br>281 Tresser Boulevard<br>Stamford, CT  06901 |

                _____/s/ John J. Bogdanski_____
                John J. Bogdanski